UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | **EDCV 18-143 JGB (SHKx)** | Date | October 17, 2018 |
| Title | ***Dean Himbler Aviles, et al. v. Afsaneh Ashley Tabaddor*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order DISMISSING Plaintiffs' Complaint for Failure to Serve, Failure to Prosecute, and Failure to Comply with the Court's Order to Show Cause (Dkt. No. 25) (IN CHAMBERS)

On February 12, 2018, Plaintiff Dean Himbler Aviles and Himbler E. Aviles (collectively, "Plaintiffs") filed a complaint against Afsaneh Ashley Tabbador ("Defendant"). ("Complaint," Dkt. No. 2.)  By August 2018, no proof of service had been filed. ("August Order," Dkt. No. 17.)

On August 17, 2018, the Court ordered Plaintiffs to show cause in writing why this action should not be dismissed for failure to serve Defendant. (Id.)  On August 20, 2018, Plaintiffs filed what they claim is a Proof of Service. ("Certificate of Service," Dkt. No. 26.)  However, the summons Plaintiffs allegedly served on Defendant is not a proper summons under Federal Rule of Civil Procedure 4(a)(1) as it lacks the clerk's signature and seal of the court.  Plaintiffs could not have served a proper summons because they never requested a summons from the clerk's office.  Thus, Plaintiffs did not properly serve Defendant.

Plaintiffs again responded on September 4, 2018 indicating that they intend to file a First Amended Complaint naming additional parties so as to re-start the ninety day service period under Federal Rule of Civil Procedure 4(m). ("Response," Dkt. No. 27.)  On that same day, Plaintiffs filed a request to amend their Complaint. ("Request to Amend," Dkt. No. 28.) Plaintiffs further purport to have served an amended complaint and summons on Defendant Tabbador and fifteen additional Defendants. ("Certificate of Service," Dkt. No. 29.)  But Plaintiffs never filed their amended complaint with the Court.  Even if they had, however, they

never requested or received summons from the clerk such that their purported service on Defendants could possibly be proper under Federal Rule of Civil Procedure 4(a)(1). Additionally, Plaintiffs' Response and Request to Amend do not show cause to the Court why Plaintiffs failed to serve Defendant in the six months following the filing of their Complaint.

To date, no complaint has been properly served to any Defendant. Thus, the Court DISMISSES Plaintiffs' action for failure to serve, failure to prosecute, and failure to comply with the Court's order to show cause. The Court DIRECTS the Clerk to close the case.

**IT IS SO ORDERED.**